**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-20021-CR-GAYLES**
**Chief Magistrate Judge Jonathan Goodman**

**UNITED STATES OF AMERICA**

**vs.**

**JIN SUNG-IL,**
      **a/k/a "진성일,"**
      **a/k/a "Jin Song-Il,"**
      **a/k/a "Pedro Alonso,"**
      **a/k/a "Richard Stewart,"**
      **a/k/a "Stewart Conn,"**
      **a/k/a "Kelsey Bane,"**
**PEDRO ERNESTO ALONSO DE LOS REYES,**
**ERICK NTEKEREZE PRINCE,**
      **a/k/a "Eric Prince",**
**PAK JIN-SONG,**
      **a/k/a "박진성,"**
      **a/k/a "Glaus Li,"**
**and**
**EMANUEL ASHTOR,**
      **a/k/a "Ndagijimana Emmanuel,"**

      **Defendants.**
_____/

**UNITED STATES' MOTION FOR A PROTECTIVE ORDER**
**REGULATING DISCLOSURE OF DISCOVERY AND SENSITIVE INFORMATION**

The United States of America, by and through the undersigned Assistant United States Attorney, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, respectfully moves for a Protective Order for appropriate protections against dissemination of the discovery materials and the sensitive information contained therein, which will be disclosed in the above-captioned matter. This sensitive information includes records containing personal information of the defendants and third parties, such as social security numbers, bank routing and account numbers, birth dates, birth places, addresses, and other personal information. The Government

seeks protections that will not impede the defendants' ability to prepare for their defense, but merely will protect against the improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the sensitive information in the discovery materials.

## INTRODUCTION AND RELIEF SOUGHT

This case involves allegations that the defendants participated in a conspiracy to fraudulently obtain remote information technology work using both false identities and the names of victims of identity theft. To facilitate their fraud, members of the conspiracy provided the personal identity information of the victims of identity theft to the U.S. companies in order to obtain employment. The information submitted as part of these employment applications, as well as bank account records and other sensitive material, are included in the discovery materials in this case. The government has identified several hundred documents, records, or other information that is potentially discoverable.

Given the number of individuals involved in this offense and number of potentially discoverable document identified, it is not practical for the Government to redact all sensitive information from the voluminous documents that will be provided to the defense as part of discovery. In an attempt to properly protect this sensitive information belonging to defendants, victims, witnesses, and other third parties in the discovery materials, the Government requests that the Court enter an order regulating disclosure of discovery as follows:

a. Counsel of record for each of the Defendants shall hold the discovery materials in strict confidence, disclosing the information marked "Confidential" to counsel's respective client, staff, investigators, and witnesses only to the extent counsel believes is necessary to assist in the defense of this matter. If defense counsel believes that any material

marked "Confidential" should not be marked "Confidential," defense counsel may file a motion requesting that the "Confidential" marking be removed from any such material;

b.  Counsel of record for each of the Defendants shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information. Counsel of record for each of the Defendants shall advise any person to whom the Confidential portion of the discovery is disclosed, including the Defendants, that such information shall be held in strict confidence, and that further disclosure or dissemination is prohibited without defense counsel's express consent. Subject to the terms of the Protective Order, defense counsel may provide the Defendants with unredacted copies of the discovery for their review; and

c.  Counsel of record for each of the Defendants agree that, upon conclusion of the above-captioned case, copies of the Confidential portion of the discovery disclosed to defense counsel pursuant to the terms of this order shall be destroyed or returned to the United States.

**In accordance with Local Rule 88.9,** the Government attempted to solicit the positions of the defense attorneys of record with respect to this motion.[1] Frank Quintero, Jr., Esq., counsel for defendant Emanuel Ashtor, stated that he does not object to the issuance of the proposed protective order. As of the filing of this motion, Assistant Federal Public Defender Marisa Rayna Taney,

---

[1]      As of the filing of this motion, law enforcement has not arrested co-defendants Jin Sung-Il and Pak Jin-Song. Co-defendant Pedro Ernesto Alonso De Los Reyes was arrested in the Netherlands, and the United States is in the process of seeking his extradition. Accordingly, these three co-defendants have not yet made their initial appearances in this case.

counsel for defendant Erick Ntekereze Prince, has not responded to emails sent on February 14 and 18, 2025 and a voicemail left on February 19, 2025 seeking her position on the motion.

### ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." Alderman v. United States, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. See FED. R. CRIM. P. 16(d)(1). The Government does not seek to delay, deny, or restrict the disclosure of information required by Rule 16 or the Standing Discovery Order. See, e.g. United States v. Fischel, 686 F.2d 1082, 1090 (5th Cir. 1982) ("[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the Government only seeks to facilitate discovery, while protecting against the improper disclosure or use of any individual's identification information. The proposed Protective Order, which is attached hereto, would have no effect on the defendants' ability to prepare their defense and would properly protect the personal identification information of third parties and the defendants. Indeed, the proposed Protective Order would facilitate the administration of justice by enabling the Government to provide the defendants with the information to which they are entitled more quickly under *Brady*, Rule 16, and other applicable law, given the volume of documents involved in this case.

"Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private." United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). It is entirely appropriate for any

protective order to strictly advise the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. See United States v. Gangi, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); United States v. Salemme, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case").

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:  /s/ Sean Paul Cronin
Sean Paul Cronin
Assistant United States Attorney
Court No.A5500940
99 N.E. 4th Street, Suite 400
Miami, FL 33132
Tel# (305) 961-9194
Fax:(305) 530-6168
sean.p.cronin@usdoj.gov

5

<u>**CERTIFICATE OF SERVICE**</u>

    **I HEREBY CERTIFY** that on February 20, 2025, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

 

                                                             */s/ Sean Paul Cronin*                 

                                                             Sean Paul Cronin
                                                             Assistant United States Attorney