**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-20021-CR-GAYLES**
**Chief Magistrate Judge Jonathan Goodman**

**UNITED STATES OF AMERICA**

vs.

**ERICK NTEKEREZE PRINCE,**
    a/k/a "Eric Prince",
**and**
**EMANUEL ASHTOR,**
    a/k/a "Ndagijimana Emmanuel,"

        **Defendants.**
_____/

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1 & 2. Contained within the government's discovery production, which will be provided once the Court rules on the pending motion for a protective order, are recordings of any oral statements made by the defendants before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. No defendant testified before the Grand Jury.

4. The NCIC records of the defendants will be included in the government's discovery production.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 800 and/or FBI Headquarters, 2030 SW 145th Ave, Miramar, FL 33027.

|   |   |
|---|---|
|   | The government's discovery production does not necessarily contain copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial. |
| 6. | There were no physical or mental examinations or scientific tests or experiments made in connection with this case. |
| B. | DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. |
| C. | The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). |
| D. | The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). |
| E. | The government will disclose any prior convictions of any alleged co-conspirator, accomplice, or informant who will testify for the government at trial. |
| F. | No defendant was identified in a lineup, show up, photo array or similar identification proceedings. |
| G. | The government has advised its agents and officers involved in this case to preserve all rough notes. |
| H. | The government will timely advise the defendants of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence. |
|   | You are hereby on notice that all evidence made available to you for inspection, as well as all material disclosed in discovery may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| I. | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that |

|   |   |
|---|---|
| | has been unsealed in accordance with 18 U.S.C §2518. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who may testify for the government at the trial of this cause. |
| K. | No contraband is involved in this indictment. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. |
| N. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   */s/ Sean Paul Cronin*
Sean Paul Cronin
Assistant United States Attorney
Court No.A5500940
99 N.E. 4th Street, Suite 400
Miami, FL 33132
Tel# (305) 961-9194
Fax:(305) 530-6168
sean.p.cronin@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 20, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                            */s/ Sean Paul Cronin*
                                            Sean Paul Cronin
                                            Assistant United States Attorney